**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| LEE KAMERON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 7:19-CV-16-WLS-MSH |
| | : | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : | 28 U.S.C. § 2241 |
| | : | |
| Respondents | : | |

# ORDER

Before the Court is a Report & Recommendation from United States Magistrate Judge Stephen Hyles filed on January 24, 2020. (Doc. 22.) Therein, Judge Hyles recommends denying Petitioner's application and subsequent motions for release from custody (Docs. 1, 13, 15, 17, 21). Judge Hyles provided fourteen days to file objections, but Petitioner filed an untimely objection notarized on March 5, 2020 asserting that his wife received the mail on February 23, 2020 and that he "did not have sufficient access to the Law Library." (Doc. 25 at 1.) After the R&R was issued, Petitioner filed an "Update and Re-Request for Urgent Release on Humanitarian Grounds," stating that he had been moved to Houston, Texas for medical treatment and changing his address to that of his wife in Forest Park, Georgia. (Doc. 23.) The docket reflects that the R&R was then resent to that address and that Petitioner thereafter received it. (*See* docket.) Under these circumstances, the Court will treat the Objection as if timely filed. Pursuant to 28 U.S.C. § 636(b)(1), the Court has made a *de novo* determination as to the portions of the Recommendation to which Kameron objects and has reviewed all other findings for plain error and manifest injustice. *United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012).

Petitioner is a native of South Africa and a citizen of Cameroon and South Africa who entered the United States without documentation or an entry document on March 9, 2013 and requested relief from removal. (Doc. 8-1 at 2.) He was determined to have a credible fear of persecution and was detained pending final determination of his asylum application. *Id.*; Doc.

17-2. In October of 2013, he was released on bond on the condition that he obey all laws. (Doc. 8-1.) Petitioner remained on bond until he was arrested on September 27, 2018, and on October 18, 2018 he was released on bond and then taken into ICE custody pursuant to a Warrant for Arrest of Alien for violating the terms of his immigration bond. (Doc 8-1 ¶ 15.) The charges were later nolle prossed. Doc. 21-1. Furthermore, on December 31, 2018, Petitioner had a custody hearing in the immigration court, and the immigration judge ("IJ") determined that the court lacked custody to set a bond for Petitioner as he was an "arriving alien." (Doc. 8-1 at 37.)

Petitioner then filed the instant habeas petition pursuant to 28 U.S.C. § 2241 on January 24, 2019. (Doc.1.) Petitioner has attached documentation showing that his wife and five children live in the United States and that it is a financial burden on her to support the children and send money to Petitioner in confinement, that he has made numerous medical grievances while confined related to asthma and hip pain, among other things, and that he is awaiting decisions on his appeal to the Board of Immigration Appeals and adjustment of status application. *See* Docs. 1-2; 25-5, 25-6, 25-7, 25-8. On December 17, 2019, a hearing was held on the merits of Petitioner's asylum application before Judge Houser of the Atlanta Immigration Court. (Doc. 20-1 ¶ 2.) The IJ reserved ruling to prepare a written decision. *Id.* ¶ 3.

Judge Hyles recommends denying the Petition and motions for release because: (1) even though the initial Notice to Appear he received was deficient, Petitioner has attended his hearings; (2) provisions applying to criminal cases are inapplicable here; (3) Petitioner's argument about lack of a federal warrant are inapplicable; (4) Immigration and Customs Enforcement ("ICE") is detaining Petitioner for legitimate reasons; (5) Petitioner is not entitled to the same constitutional protection as U.S. citizens; (6) the weight of the relevant factors indicates that Petitioner's due process rights have not been violated; (7) Petitioner is subject to the mandatory detention provisions of 8 U.S.C. 1225(b)(1)(B)(ii); and (8) parole is subject to the discretion of the Secretary of the DHS ("Department of Homeland Security") and is not reviewable by this Court. (Doc. 22.)

Petitioner objects asserting that his "prolonged detention is causing severe hardship and irreparable damage to Petitioner and his family, that he is being deprived of due process by the prolonged detention without bond, that he is experiencing "deteriorating unattended

health," that he has filed an appeal of the Immigration Judge's decision and his wife has filed an adjustment of status (I-130_ application for him, and that the circumstances here warrant his release. (Doc. 25.)

"The term 'arriving alien' includes (1) aliens paroled, but not admitted, into the United States, . . . and (2) inadmissible aliens charged with removal under § 1182." *Perez v. United States Bureau of Citizenship & Immigration Servs. (USCIS)*, 774 F.3d 960, 966 (11th Cir. 2014) (citations omitted). Where an asylum officer determines that such an alien has "a credible fear of persecution . . . the alien *shall* be detained for further consideration of the application for asylum." 8 U.S.C.S. § 1225(b)(1)(B)(ii) (emphasis added). Petitioner does not challenge that he is an arriving alien but asserts that he should be given a bond hearing pursuant to his due process rights or be released on urgent humanitarian grounds. The Court agrees that even arriving aliens have some due process rights, but the Court cannot conclude that his rights have yet been violated.

The Eleventh Circuit has recently concluded that an alien petitioner "has an interest in a determination that she, despite her status as an 'arriving alien,' is entitled to basic procedural protections when her liberty is denied." *Barillas v. Field Office Dir.*, 697 F. App'x 624, 625 (11th Cir. 2017) (vacating and remanding) (vacating and remanding district court's order that arriving alien had only minimal rights and does not have a constitutional right to a bond hearing). But even more recent decisions indicate that those due process rights are limited and that some detention of an alien while his asylum application is resolved is not unconstitutional. "Read most naturally, §§1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings [e.g., asylum proceedings] have concluded. . . .Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And neither §1225(b)(1) nor §1225(b)(2) says anything whatsoever about bond hearings." *Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (2018); *Mahab Abdi Dini v. Warden, Etowah Cty. Det. Ctr.*, No. 4:19-cv-01065-RDP-JEO, 2019 U.S. Dist. LEXIS 171665, at *2 (N.D. Ala. Oct. 3, 2019) ("Petitioner's detention here does not raise concerns with a base level of procedural due process. Rather, it

is precisely because Petitioner has taken advantage of various due process protections offered to him, he is still being detained rather than removed.").[1]

Here, Petitioner entered the U.S. without an entry document and requested asylum as a defense to being removed from the country. (Doc. 8-1 at 2.) His asylum hearing was held during the pendency of this case on December 17, 2019. (Doc. 20-1 ¶ 2.) It is not clear whether his application was denied by the IJ, but Petitioner has "just submitted" an appeal to the Board of Immigration Appeals that remains pending. (Doc. 25 at 8.) As such, the Court cannot conclude that the asylum proceedings have concluded and that Petitioner is now due to be released. In any event, DHS states that "ERO remains prepared to either release or remove this alien when a final administrative order is issued." (Doc. 20-1 at 2.) The Supreme Court has refused to read a six-month reasonableness requirement into the detention statute applicable here (*Jennings*, 138 S. Ct. 830), and this Court has no basis to conclude that Petitioner's now eighteen-month detention is unreasonable.

The factors that Petitioner cites to warrant his release actually weigh against him. His challenges to his detention have not been "unreviewed" (Doc. 25 at 8) but have been denied both by the IJ and by DHS. (Doc. 20-1 at 2.) Furthermore, a second parole request to DHS remains pending. *Id.* The recent delays in his proceedings since his detention in 2018 as well as the likelihood of his continued detention are due, at least in part, to Petitioner's own actions in that he has filed both an I-130 application and appealed the IJ's decision. (Doc. 25 at 8.) As to Petitioner's arguments that his detention is affecting his health and his family, little evidence of these burdens has been established such as to justify this Court finding a constitutional violation. Contrary to Petitioner's representations, the record reflects that his medical grievances have not gone ignored, but that DHS has taken numerous steps to provide him medical treatment via medication, medical appointments, and even transferring him to Texas to see a medical specialist. (*See* Docs. 23 and 25-6.) Furthermore, while Petitioner's detention has surely

[1] *Cf. Richardson v. Reno*, 180 F.3d 1311, 1318 (11th Cir. 1999) (clarifying that "the plain language of INA § 242(b)(9) applies to detention proceedings" to preclude district court jurisdiction under § 2241); *Landon v. Plasencia*, 459 U.S. 21, 32, 103 S. Ct. 321, 74 L. Ed. 2d 21 (1982) (As an arriving alien, "seeking initial admission to the United States," the petitioner "requests a privilege and has no constitutional rights regarding his applications.").

placed a burden on Petitioner's wife and children, the record does not reflect that the burden is unique, urgent, or otherwise violative of his constitutional rights.

The only exception to the mandatory detention provision of section 1225(b) is that "applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" *Jennings*, 138 S. Ct. 830, 837, 844 (citing 8 U.S.C.S. § 1182(d)(5)(A)) ("That express exception to detention implies that there are no *other* circumstances under which aliens detained under §1225(b) may be released.") But the grant of this temporary release is in the discretion of the Attorney General on a case-by-case basis. 8 U.S.C.S. § 1182(d)(5)(A). This is not a power of the district courts. As such, this provision provides no relief to Petitioner here.

Accordingly, upon full review and consideration of the record, the Court finds that Judge Hyles' Recommendation (Doc. 22) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Petitioner's Objection (Doc. 25) is **OVERRULED**. As such, Petitioner's motions for release (Docs. 13, 15, 17, 21, 23) and the Petition (Doc. 1) are **DENIED**.

**SO ORDERED**, this 27th day of March 2020.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**